UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS C. MILLER and DENISE M.
MILLER,

          Debtors.

_____/

Case No. DT 08-01545
Hon. Scott W. Dales
Chapter 7

DAVID HEDRICK and  BASIL SIMON, as
Chapter 7 Trustee of the estate of David
Hedrick,

          Plaintiffs,

v.

THOMAS C. MILLER, and MADDIN,
HAUSER, WARTELL, ROTH & HELLER,
P.C., a Michigan Professional Corporation,

          Defendants.

_____/

Adversary Pro. No. 08-80218

OPINION AND ORDER
REGARDING DEFENDANT'S SUMMARY JUDGMENT MOTION

PRESENT:    HONORABLE SCOTT W. DALES
               United States Bankruptcy Judge

Plaintiffs David Hedrick ("Hedrick") and Hedrick's chapter 7 bankruptcy trustee, Basil

Simon (collectively, the "Plaintiffs"), filed a complaint against Defendant Thomas Miller

("Defendant") that seeks a judgment excepting an alleged fraud debt (the "Debt") from discharge

pursuant to 11 U.S.C. § 523(a)(2)(A) and (B).  The Debt arose in connection with an

unsuccessful real estate development project among Hedrick, the Defendant, and the Defendant's related limited liability company.  On January 15, 2010, the Defendant[1] filed a motion to dismiss or for summary judgment seeking an order dismissing this adversary proceeding (the "Motion," DN 92).[2]

A summary judgment motion filed under Rule 56[3] requires the court to consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  Such a motion requires the court to decide whether the parties have a genuine dispute about material facts, and whether judgment as a matter of law is appropriate given the present record.   This decision will depend in large measure upon controlling law because the law will determine what facts, and therefore what factual disputes, are material.

In the Motion, the Defendant argues that the adversary proceeding should be dismissed for three reasons,[4] one of which is dispositive: the Defendant claims that Hedrick (and derivatively, his bankruptcy estate) should be denied relief pursuant to the "wrongful conduct rule."

---

[1] Originally the Plaintiffs also named Maddin, Hauser, Wartell, Roth & Heller ("Maddin Hauser") as another Defendant, but they have since settled that claim, and obtained approval of their settlement from the bankruptcy judge presiding over Hedrick's bankruptcy case in the Eastern District of Michigan. Pending receipt of the settlement payment, however, Maddin Hauser remains a defendant in this proceeding.

[2] Defendant's Motion invokes Rule 12(b)(6), which tests the legal sufficiency of a pleading, but the time for making such a motion has long since passed. See Fed. R. Civ. P. 12(b) ("motion asserting [failure to state a claim] must be made before pleading if a responsive pleading is allowed").  A motion under Rule 56, which the Defendant also invokes, may be filed at any time and surveys the record to determine whether trial on the merits is warranted. The court will view the Motion through the lens of Rule 56, given the procedural posture of this case.

[3] In this opinion, the term "Rule __" refers to the Federal Rules of Civil Procedure, most of which apply in adversary proceedings.

[4] Although the Defendant contends the Plaintiffs' claims under 11 U.S.C. § 523(a)(2)(B) are untimely because the Plaintiffs raised them in their amended complaint, Rule 15(c)(1)(B) and the "relation-back" of the Plaintiffs' timely amendment dispatches that argument. Also, the Defendant argues that he did not directly provide any financial statement to Hedrick. Because Hedrick contradicts this assertion in his sworn statement, this fact is genuinely disputed.  Neither argument warrants summary judgment.

**Page 3 of 6**

In Michigan, the wrongful conduct rule provides that "[w]hen a plaintiff's action is based, in whole or in part, upon his own illegal conduct," the action should be barred. <u>Orzel v. Scott Drug Co.</u>, 449 Mich. 550, 557 (1995). The illegal conduct that the Defendant relies upon in support of this defense is criminal usury. The Defendant claims that Hedrick violated Michigan's criminal usury statute because the loan documents giving rise to the Debt provided for an effective interest rate exceeding 25%. <u>See</u> M.C.L. § 438.41. As a result of Hedrick's supposed criminal conduct in connection with the Debt, the Defendant contends that the case should be dismissed.

Significantly, the Plaintiffs do not contend that the effective interest rate fell below the criminal usury threshold (25%), or that Hedrick did not knowingly charge such a rate. Indeed, it appears that the effective interest rate exceeds the criminal usury ceiling. Accordingly, the court finds there is no genuine issue of fact regarding whether the Debt is the product of a criminally usurious loan. Similarly, the Plaintiffs do not argue the wrongful conduct -- criminal usury -- is only tangentially related to the claim. <u>Orzel</u>, 449 Mich. at 564 ("For the wrongful-conduct rule to apply, a sufficient causal nexus must exist between the plaintiff's illegal conduct and the plaintiff's asserted damages").

Rather, the Plaintiffs attempt to avoid the wrongful conduct rule by arguing that they are seeking only to recover the principal amount of $100,000.00 that Hedrick lent to the Defendant, and not the $120,000.00 referenced in the promissory note, which constituted the lion's share of the usurious interest and fees. They argue that the applicable statute does not contemplate dismissal of an action if usurious interest rates are at issue, but only bars a plaintiff's recovery of certain interest, fees and costs. The civil usury statute, upon which their argument depends, provides as follows:

> Any seller or lender or his assigns who enters into any contract or
> agreement which does not comply with the provisions of this act
> or charges interest in excess of that allowed by this act is barred from
> the recovery of any interest, any official fees, delinquency or collection
> charge, attorney fees  or court costs and the borrower or buyer shall
> be entitled to recover his attorney fees and court costs from the seller,
> lender or assigns.

M.C.L. § 438.32.  The "act" mentioned in this section is Act 326 of 1966, codified at M.C.L. §§ 438.31 - 438.33, the act governing civil usury.

The Plaintiffs' argument fails, however, because the civil usury statute is not the applicable statute, the criminal statute is.  The distinction is material because the Michigan Court of Appeals recently recognized the distinction when it applied the wrongful conduct rule against a lender-plaintiff, and rejected the very same defense the Plaintiffs advance in opposition to the Motion:

> Plaintiffs next argue that there is a statutory basis for recovery from
> defendants. Plaintiffs contend that, because MCL 438.32 prevents a usurious
> lender from recovering usurious interest charges, it must necessarily permit
> the recovery of the principal. Hence, MCL 438.32 implicitly permits recovery
> against defendants. We disagree.

Scalici v. Bank One, NA, 2005 WL 2291732, Nos. 254632, 254633, 254634, slip op. (Mich. App. Sept. 20, 2005).  As the Michigan Court of Appeals observed in Scalici,

> Plaintiffs' argument relies solely on their own violations of the usury statutes
> to implicitly find authority for recovery of their losses. Even if reliance on
> their own violation of a statute were sufficient, because MCL 438.32 seeks to
> punish lenders who violate the civil usury law, we cannot conclude that the
> statutory purpose of MCL 438.32 was to protect the usurious lender's
> principal. See Orzel, supra at 571. Therefore, the statutory basis exception
> does not apply to plaintiffs' claims.

Id. Under Michigan law, the fact that a lender may recover principal after violating the *civil* usury statute does not mean the lender may recover principal after violating the *criminal* usury statute. Based upon the unpublished opinion in Scalici v. Bank One, NA,[5] and the Michigan Supreme Court's opinion in Orzel, the court predicts that Michigan's wrongful conduct rule would deprive the Plaintiffs of any right to payment of principal from the Defendant. Without a right to payment, the Plaintiffs have no "claim," and the Defendant owes no "debt" to be excepted from discharge. See 11 U.S.C. § 101(5)("claim" means "right to payment" etc.); id. § 101(12) ("debt means liability on a claim"); and id. § 523(a)(2) (excepting certain "debts" from discharge).

**Conclusion**

To summarize, the Defendant has raised the wrongful conduct rule as a defense to the Plaintiffs' recovery, and the Plaintiffs have failed to raise a genuine issue of material fact as to the validity of that defense. The court will, therefore, grant the Defendant's motion.

Although the Plaintiffs and Maddin Hauser have since settled their dispute and obtained approval of their settlement from the judge presiding over Mr. Hedrick's bankruptcy case, the claim remains pending in this court, awaiting receipt of the settlement payment. Accordingly, the dismissal of the Plaintiffs' claims against Mr. Miller does not resolve the entire case, and the parties must await entry of a judgment until after the Plaintiffs dismiss their claims against Maddin Hauser. See Fed. R. Civ. P. 54(b).

---

[5] Where state law supplies the rule of decision, and the state's highest court has not directly addressed the issue, a federal court may consider a variety of data, including unpublished state court opinions, when predicting how the state's highest court would resolve the issue. See Lee Wholesale Supply, Inc. v. Yacos (In re Yacos), 370 B.R. 131, 137 (Bankr. E.D. Mich. 2007) (citing Combs v. International Insurance Co., 354 F.3d 568, 577 (6th Cir. 2004)).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendant's Motion (DN 92) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Anthony R. Paesano, Esq., Wallace H. Tuttle, Esq., and Lawrence P. Hanson, Esq.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: February 11, 2010**